**NENG XIONG LIU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1240–ag.

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard M. Evans, Assistant Director, Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Neng Xiong Liu, a male native and citizen of China, seeks review of a February 20, 2008 order of the BIA, affirming the April 3, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Neng Xiong Liu,* No. A98 998 037 (B.I.A. Feb. 20, 2008), *aff'g* No. A98 998 037 (Immig. Ct. N.Y. City Apr. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA's decision, i.e., "minus" the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, this Court reviews both the decisions of the BIA and the IJ, minus the IJ's adverse credibility finding. This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Liu has failed to challenge before this Court the agency's denial of his claims for withholding of removal and relief under the CAT, and because addressing these claims does not appear to be necessary to avoid manifest injustice, we deem these claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We find that the record supports the BIA's determination that Liu failed to establish eligibility for asylum on the basis of

his illegal departure from China. As the BIA properly noted, Liu did not establish that any punishment he would receive upon returning to China would be on account of a protected ground, as required by statute. *See* 8 U.S.C. § 1101(a)(42). With respect to illegal departure claims, we have observed that, "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam). While the BIA pointed to record evidence tending to establish that the Chinese government sometimes detains or otherwise sanctions repatriated citizens who had departed China illegally with the help of smugglers, it correctly found that Liu failed to identify any record evidence establishing that Chinese authorities would impute to him a political opinion or treat him differently from other individuals who are repatriated to China. *See Yueqing Zhang,* 426 F.3d at 545 (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence).

Moreover, contrary to Liu's argument, the BIA did not subject Liu to an erroneous burden of proof for his asylum claim. The BIA expressly stated that it considered whether the record evidence established Liu's eligibility for asylum, and properly found that Liu had failed to demonstrate the required nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.